**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:07-CR-101-JTM |
| | ) | |
| THERESE HUNDLEY, aka | ) | |
| Catherine Lord, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Reconsider Revocation of Supervised Release

[DE 25], filed by the Defendant, Therese Hundley, on June 11, 2008.  On June 2, 2008, the Court

held an Initial Hearing Regarding Revocation of Pretrial Release/Bond Revocation Hearing as to

the Defendant.  The Defendant and the Government presented evidence and made arguments

regarding revocation of bond.

Also on June 2, 2008, the Court issued an Order of Detention.  The Court ordered that the

Defendant be detained pending trial, finding that there was a serious risk that the Defendant would

not appear and that she would endanger the safety of another person or the community.  The Court

further found that the credible testimony and information submitted at the hearing established by

clear and convincing evidence that the Defendant presents a danger to the community due to the

following: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence

against the Defendant; (3) she failed to appear for her scheduled May 30, 2008, plea hearing in this

case (resulting in the issuance of a warrant for her arrest); (4) at least four times in the past in other

cases (state court cases) she failed to appear for court hearings when required to do so; (5) she has

a history of using at least three different names (Therese Hundley, Catherine Lord, and Catherine

Fuller) and various alternate dates of birth; (6) she has failed to remain in sufficient contact with her

Pre-Trial Service Officer when previously on supervised pre-trial release in these cases; (7) she failed to report the fact of her state court arrest on new felony charges to her Pre-Trial Services Officer in these cases; (8) while the charges in these cases were pending she stole the identity of another person and applied for an advancement of credit in that person's name; (9) she filed petitions for bankruptcy relief three times in the past two years and in connection with the second petition she gave false tax information to the bankruptcy trustee or the bankruptcy court; and (10) she has been using a false name on her business internet web page for Prime Financial Group, Inc. (the name of Catherine Fuller).

The Defendant filed the instant Motion on June 11, 2008, requesting that the Court consider documents submitted under seal in relation to her request for reconsideration.  The Court set the matter for a Motion Hearing on June 24, 2008, to hear evidence on the instant Motion.  On June 24, 2008, the  Defendant appeared by counsel as did the Government.  The Defendant, by counsel, presented evidence by proffer and made arguments in favor of her release.  The Defendant contends that: (1) she underwent knee surgery on May 29, 2008, and should now be released to engage in proper rehabilitation, physical therapy, and prescription medicine care; (2) she was taken into detention on June 2, 2008, pursuant to the Court's Detention Order but did not begin to receive necessary medication until June 7, 2008; and (3) her long time companion, Frank Respold, recently had a lung replacement and that the Defendant is the only person who is willing to provide care for Mr. Respold.  The Government presented evidence by proffer and made arguments against the Defendant's release.

Pursuant to United States Code,

[A detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a

material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B).

The Court finds that the movant, here the Defendant, has not presented information that has a material bearing on whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other person and the community. While the information submitted at the June 24, 2008, hearing provides further clarification of the Defendant's health situation, it is not newly discovery evidence of her medical condition following her knee surgery, which occurred on May 29, 2008. Further, the evidence regarding the medical condition of Mr. Respold does not affect the Court's finding as to the Defendant's assured appearance at future Court hearings and the safety of any other person and the community.

Having reviewed the Motion, the Court now **DENIES** the Motion to Reconsider Revocation of Supervised Release [DE 25]. The original June 2, 2008, Order Of Detention should not be modified; it remains in full force and effect.

SO ORDERED this 24th day of June, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record